# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE M. SOLOMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. TORRES, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00615-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Maxine M. Solomon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On December 28, 2018, the Court screened Plaintiff's complaint and granted leave to amend. (ECF No. 9.) Plaintiff's first amended complaint, filed on January 23, 2019, is currently before the Court for screening. (ECF No. 10.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Central California Women's Facility in Chowchilla, California, where the events in the amended complaint are alleged to have occurred. Plaintiff names Officer S. Torres as the sole defendant and asserts an Eighth Amendment violation against him.

Claim I

Plaintiff alleges that on July 22, 2017, Officer Torres filed a false rules violation report stating that Plaintiff refused to move. Plaintiff's family reportedly has a seven minute, twenty second audio recording of Officer Torres admitting that he never spoke to Plaintiff on July 22, 2017. Plaintiff contends that his false rules violation report resulted in the prison confiscating Plaintiff's property, clothes and appliances. She also was not allowed to use the telephone for 90 days or receive vendor packages, allegedly because Officer Torres thought Inmate Moore was Plaintiff's lover and he aimed at "hurting" Plaintiff for his dislike of Inmate Moore. Officer Torres allegedly is known for his dislike of transgender and homosexual inmates. Plaintiff feels that the false rules violation report was written because of his malice and hatred for transgender and gay people.

Inmate Moore recently went to the Juvenile Board for an early release and was denied parole due to Officer Torres' false report. Plaintiff also must go before the Juvenile Board and is terrified that her parole will be denied.

Plaintiff asserts that she is afraid of Officer Torres because his behavior is thuggish and unpredictable. She is in fear each time Officer Torres walks past because she never knows if he will lie again by filing a false report saying that Plaintiff attacked or threatened him.

Plaintiff further alleges that she understands that the court does not protect inmates against whom officers file false charges against, but the court should. Plaintiff asserts that Officer Torres' behavior is malicious and reckless, and he endangered Plaintiff's well-being, both physically and mentally. Plaintiff asserts that she was "punished . . . for homosexual." (ECF No. 10 at 4.)

Claim II

In Claim II, Plaintiff alleges, in relevant part, as follows:

> S. Torres filed a false rules violation report against me, because he doesn't like transgenders and homo-sexuals, he claimed (on a 7 minutes, 20 second) voice recording that it was his supervisor M. Quandt, who made him write the false rules violation against me. And Lieutenat [sic] D. Glanzer, personally told me that he would side with the police over inmate, reaffirming the "Blue wall" and "CDC's Code of Silence" still exists and is strong as ever. D. Glanzer didn't care about my witnesses or the evidence, he found me guilty as soon as he received the writ-up, no justice, no peace for the human right of inmates. I am, prepared to dismiss my claim against M. Quandt and D. Glanzer, however, because S. Torres is the culprit who has gone rogue and allowed his personal feelings about his personal beliefs affect his peace officer conduct. This officer is a threat, not only to me, but all homo-sexual and transgender inmates, and they fear him just as much as I do.

(ECF No. 10 at 5.) As relief, Plaintiff seeks compensatory and punitive damages.

### III. Discussion

#### A. False Rules Violation

Plaintiff alleges that Officer Torres wrote a false rule violation against her, reportedly at the direction of Sergeant Quandt. The creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a

report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[] issued a false rule violation against plaintiff." Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); see also Youngs v. Barretto, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

### B. Equal Protection

Although not entirely clear, Plaintiff may be able to pursue a claim for discrimination on the basis of sexual orientation in violation of the Equal Protection Clause. Pursuant to the Equal Protection Clause of the Fourteenth Amendment, persons who are similarly situated must be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "Discrimination on the basis of sexual orientation violates the Equal Protection Clause." Low v. Bartolotti, CIV. NO. 18-00283 JMS-KJM, 2018 WL 4354294, at *3 (D. Haw. Sept. 12, 2018) (citing United States v. Windsor, 570 U.S. 744, 774 (2013)); SmithKline Beecham Corp. v. Abbott Labs., 740 F.3d 471, 481 (9th Cir.2014) (holding that United States v. Windsor, "requires that heightened scrutiny be applied to equal protection claims involving sexual orientation"). To state an equal protection claim under § 1983, Plaintiff must allege that Officer Torres "acted with an intent or purpose to discriminate against [her] based upon membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). Plaintiff will be granted an opportunity to amend her complaint to allege a violation of the Equal Protection Clause.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a final opportunity to amend her complaint to cure the above-identified deficiencies to the extent she is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 8, 2019**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE