# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE M. SOLOMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. TORRES, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-00615-BAM (PC)<br><br>ORDER DENYING MOTION TO ADD DEFENDANT<br><br>(ECF No. 13) |

Plaintiff Maxine M. Solomon ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to add a defendant to this action, filed on March 12, 2019, concurrent with the filing of her second amended complaint. (ECF No. 13.)

In her motion, Plaintiff seeks to add Officer Rubacuiva to this action based on allegations of threats made on March 7, 2019. The Court construes Plaintiff's motion as one to supplement the complaint pursuant to Federal Rule of Civil Procedure 15(d).

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15 distinguishes between supplementing and amending a complaint. In an

1

amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint. See United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002); Flaherty v. Lang, 199 F.3d 607, 613 n.3 (2d. Cir. 1999). A supplemental complaint addresses matters occurring after the original complaint is filed. Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

As asserted in the second amended complaint filed concurrent with this motion, Plaintiff alleges that Defendant Torres filed a false rules violation report against Plaintiff on July 22, 2017. Plaintiff's proposed supplemental allegations arise from events that took place nearly two years later, between Plaintiff and a new defendant. Specifically, Plaintiff alleges that on March 7, 2019, Officer Rubacuiva threatened to activate her personal alarm and to accuse Plaintiff of threatening Officer Rubacuiva's life if Plaintiff did not drop the lawsuit against Defendant Torres. (ECF No. 13.)

Although Plaintiff's factual allegations against Officer Rubacuiva reference the pendency of this action, this is not sufficient for the Court to find that the underlying claims are related. Allowing Plaintiff to add this separate, distinct, and new claim against a new individual would not serve the interests of judicial economy and convenience, and the proposed claim is simply not sufficiently related to the present claim concerning Defendant Torres to support allowing leave to supplement. Planned Parenthood, 130 F.3d at 402.

Accordingly, Plaintiff's motion to supplement the complaint, (ECF No. 13), is HEREBY DENIED. Plaintiff's second amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **November 19, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE