# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE M. SOLOMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. TORRES, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00615-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

　　　　Plaintiff Maxine M. Solomon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On February 11, 2019, the Court screened Plaintiff's complaint and granted her leave to amend. (ECF No. 10.) Plaintiff's second amended complaint, filed on March 12, 2019, is currently before the Court for screening. (ECF No. 12.)

**I.　Screening Requirement and Standard**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the Central California Women's Facility in Chowchilla, California, where the events in the amended complaint are alleged to have occurred. Plaintiff names Officer S. Torres as the sole defendant. Plaintiff claims that Officer Torres violated her Fourteenth Amendment rights and alleges as follows:

> On July 22, 2017, Correctional Guard S. Torres filed a false rules violation against me for no reason other than he dislikes gays and transgenders. He took his time and carefully wrote and filed a false report against me knowing that I would receive more time in prison, just because I am a homo-sexual, doesn't mean I should be punished. Torres has a reputation for his strong dislike towards transgenders and homo-sexuals. But I feel that he did violate the Fourteenth Amendment, because he had no valid reason for filing the false report. And I still have evidence of a 7 minute and 20 second conversation that he had with inmate Moore, and he admitted that he had never even had a conversation with me, but in his write-up he claimed that he did. He also admitted on tape that he really didn't know what I even looked liked. His hatred towards homo-sexuals is out of control, who knows how many lives he's affected with false charges and accusations. I don't deserve to be treated as less than a human, because he doesn't agree with my life style. It's not only unfair to me, but it's unfair to every other transgender and homo-sexual out there. S. Torres has no respect. On July 22, 2017 he wrote the false report against me in order to hurt me, mentally. He stated that he told me to move to another cell and I refused, that never happened. The reason he lied about that particular rules violation is because he knew that CDCR takes that violation serious and an inmate can get up to 6 month's added

on to his/her sentence.

(ECF No. 12 at 3-4) (unedited text). As relief, Plaintiff seeks punitive damages for Officer Torres' alleged misconduct.

**III.     Discussion**

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant[ ] acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194–95 (9th Cir.1998); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). "Discrimination on the basis of sexual orientation violates the Equal Protection Clause." Low v. Bartolotti, CIV. NO. 18-00283 JMS-KJM, 2018 WL 4354294, at *3 (D. Haw. Sept. 12, 2018) (citing United States v. Windsor, 570 U.S. 744, 774 (2013)).

Here, Plaintiff's amended complaint fails to include factual allegations sufficient to support an Equal Protection claim against Defendant Torres. At best, Plaintiff makes conclusory allegations against Defendant Torres regarding his purported "strong dislike" of persons based on their sexual orientation. However, there is nothing in the amended complaint to suggest that Defendant Torres prepared the false disciplinary report with an intent or purpose to discriminate against Plaintiff based on her sexual orientation. A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of her civil rights. Barren, 152 F.3d at 1194. Plaintiff admits that Officer Torres never had a conversation with her and did not even know what she looked like. Plaintiff's assertion that the allegedly false write-up was because of her sexual orientation is founded only on conjecture.

Further, prisoners do not have a right to be free from false accusations of misconduct, so the mere falsification of a disciplinary report does not give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). The

3

creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted).

### IV. Conclusion and Recommendation

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable section 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 26, 2019**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE