| | |
|---|---|
| MAXINE M. SOLOMON,<br><br>Plaintiff,<br><br>v.<br><br>S. TORRES, Guard at Central California Women's Facility,<br><br>Defendant. | No. 1:18-cv-00615-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. Nos. 12, 15) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Maxine M. Solomon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 27, 2019, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to state a cognizable § 1983 claim. (Doc. No. 15.) The findings and recommendations were served on both parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 4.) Following the granting of an extension of time, plaintiff timely filed objections on January 7, 2020. (Doc. No. 18.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's

1

objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Plaintiff's objections appear to reiterate the allegations of her complaint that defendant violated her Fourteenth Amendment rights by "filing [a] false report against her . . . based solely on her sexual orientation as a lesbian female." (Doc. No. 18 at 2.) These objections do not address the analysis set forth in the pending findings and recommendations.

To survive dismissal, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (noting that Section "1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent.").

Although plaintiff asserts that defendant "had no reason for filing the false report" and that he must have done so because of his "reputation for his strong dislike towards transgenders and homosexuals" (Doc. No. 12 at 3–4), she has not alleged any facts to support her conclusory allegation that the defendant acted with "with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998); *see also Low v. Bartolotti*, No. CV 18-00283 JMS-KJM, 2018 WL 4354294, at *3 (D. Haw. Sept. 12, 2018) (citing *United States v. Windsor*, 570 U.S. 744, 774 (2013) ("Discrimination on the basis of sexual orientation violates the Equal Protection Clause."). To put it another way, plaintiff must allege *facts* that, if true, would allow the court to infer that defendant is homophobic and that he acted with such intent. *Cf. Lateef v. City of Madera*, No. 1:16-cv-01488-DAD-SKO, 2017 WL 1079789, at *4 (E.D. Cal. Mar. 21, 2017) (noting that the court could infer animus towards Pakistani Muslims when it was alleged that the defendant had stated that "your kind of people" would face difficulties in opening business in the area). An unsupported and conclusory allegation that defendant has a reputation for homophobia, however, is insufficient and fails adequately allege such a claim.

/////

2

Accordingly,

1. The findings and recommendations (Doc. No. 15) issued on November 27, 2019 are adopted;
2. This action is dismissed due to plaintiff's failure to state a claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 24, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE